UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAMBURG SÜD NORTH AMERICA, INC., AS AGENT FOR HAMBURG SÜDAMERIKANISCHE DAMPFSCHIFFFAHRTS-GESELLSCHAFT A/S & CO KG.<br><br>**Plaintiff,**<br><br>v.<br><br>**KAREMBRI DISTRIBUTOR LLC; ENRIQUE MANUEL PADILLA SR. a/k/a ENRIQUE MANUEL PADILLA CRUZ; et al., j/s/a**<br><br>**Defendant.** | Civ. No. 2:19-CV-19370 (WJM)<br><br>**OPINION** |

### **WILLIAM J. MARTINI, U.S.D.J.**

This matter arises out of a dispute regarding collection of ocean freight related charges between the parties. Before the Court is plaintiff Hamburg SÜD North America, Inc.'s ("Plaintiff") motion for default judgment against defendants Karembri Distributor LLC ("Karembri"), and Enrique Manuel Padilla ("Padilla" and together with Karembri, "Defendants"). ECF No. 85. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the Plaintiff's submissions, and for the reasons set forth below, Plaintiff's motion for default judgment is **GRANTED** as to liability and **GRANTED** in part as to damages.

### I.  BACKGROUND

On October 30, 2019, Plaintiff Hamburg SÜD North America, Inc., filed a complaint and Defendants were properly served on November 7, 2019. ECF Nos. 1, 5-8. Plaintiff alleges general breach of contract claims arising out of an agreement to transport Defendants' goods whereby Plaintiff completed the transportation, but Defendant failed to pick up the goods in breach of their agreement, causing damages to Plaintiff. Plaintiff alleges Defendants caused damages in the amount of $850,725.78. Compl. ¶ 3. Defendants filed an answer on February 25, 2020, and Plaintiff amended its complaint on October 28, 2020. ECF Nos. 16, 29. This Court previously entered a consent judgment against Karembri on October 15, 2020, in the amount of $154,491.10. ECF No. 28. Defendant Padilla issued a check in the amount of $154,491.10, however, it was returned for insufficient funds. ECF No. 91, Ex. C Discovery ensued and on June 15, 2022, the parties executed a settlement agreement for the remaining amount. Upon confirmation to the Court that the settlement agreement had been executed, on

July 6, 2022, this Court issued a 60-day order administratively terminating this action. ECF No. 83. Pursuant to the settlement agreement, Plaintiff was to receive a payment of $200,000.00 by August 25, 2022. ECF No. 82. Plaintiff alleges Defendants failed to make payment as agreed. On September 19, 2022, Defendant Padilla filed a letter with this Court informing the parties that he was unable to comply with the terms of the settlement as he was expecting to pay this settlement with a debt he was expecting to, but ultimately did not, collect. ECF No. 82. Defendant Padilla stated he would continue his efforts to get enough funds to pay Plaintiff and has not filed any pleadings since or responses to Plaintiff's default judgment motion. *Id.* On January 19, 2023, the Clerk of the Court entered default against Defendants. Plaintiff's present default judgment motion was filed on January 27, 2023 against all Defendants. ECF No. 91.

## II. DISCUSSION

Fed. R. Civ. P. 55(b)(2) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J, 2008). Here, Defendants were properly served on November 7, 2019 with a copy of the summons, complaint, and civil cover sheet. *See* ECF Nos. 4-8. Although Defendants were at one time represented by counsel and responding to pleadings, Defendants have failed to comply with the settlement agreement. Defendants' only response to the motion for default judgment was a letter essentially conceding his failure to comply with the terms of the settlement. ECF No. 86.

Before the Court grants a motion for default judgment, however, it must ensure, *inter alia*, (1) that personal jurisdiction exists over the defendant and (2) "that entry of default under Rule 55(a) was appropriate." *Gov't Emples. Ins. Co. v. Pennsauken Spine & Rehab P.C.*, 17-cv-11727, 2018 U.S. Dist. LEXIS 131529, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Where the Court has jurisdiction, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Once a party has defaulted, the "consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). An entry of default judgment requires that the Court determine whether a sufficient cause of action has been stated "since a party in default does not admit mere conclusions of law." *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535 (D.N.J. 2008). After a cause of action has been established, district courts must then determine whether the entry of default judgment would be proper by considering: (1) whether the party subject to default has a meritorious defense, (2) whether there is prejudice to the plaintiff if default judgment is denied, and (3) whether the default was due to the defendant's culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F,2d at 1181.

### A. Jurisdiction

This Court has subject jurisdiction over this case because the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiff has its principal place of business in New Jersey, Defendant Enrique Padilla is a resident of Florida, and Defendant Karembri's principal place of business is in Florida. *See* Compl. ¶¶ 5-9. The Court has personal jurisdiction as the contracts in dispute were entered into in New Jersey. ECF No. 91, Ex. A.

### B. Cause of Action Established

The Court finds that Plaintiff has established multiple breach of contract claims that are not subject to a meritorious defense. The Amended Complaint alleges between April 3, 2019 and April 27, 2019, certain goods consisting of butternut squash and other food items belonging to Defendants were delivered to Plaintiff who arranged and assumed common carrier responsibility to load and transport Defendants' goods via ocean freight. Plaintiff has provided the Court with several invoices, bills of lading, and freight bills indicating Plaintiff provided unpaid shipping services to Defendant totaling $850,725.78. This amount includes line demurrages, power consumption, and storage costs. Defendants attempted several times to settle the dispute, but with Defendant Padilla's most recent letter on September 2022, it appears he lacks the funds to finalize the settlement. Therefore, the Court finds that Plaintiff has properly established a cause of action.

### C. Whether the Entry of Default Judgment Would be Proper

Defendants have no meritorious defense based on the limited record before the Court. *See e.g., Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 U.S. Dist. LEXIS 115142 at *4 (D.N.J. Oct. 5, 2011). Plaintiff is clearly prejudiced by Defendants' failure to respond as it has been prevented from prosecuting its case and seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, 2012 U.S. Dist. LEXIS 95135, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant.").

### D. Damages

The Court further finds that Plaintiff has submitted sufficient evidence to support its request for $850,725.78, the principal amount of damages resulting from the failure to pay for transportation of goods. With respect to attorneys' fees and costs, Plaintiff has requested fees in the amount of 30% of the principal, $255,217.73. Plaintiff's counsel alleges this is reasonable pursuant to the contract, however, the only mention of attorneys' fees is in the bill of lading terms and conditions, which states "[i]n case of non-payment of Charges or any other amount(s) due under this contract, Carrier is entitled to pursue the relevant amount(s). . . as well as Carrier's *reasonable attorney's fees and expenses* incurred in collecting any amount(s) due." (emphasis added) ECF No. 91, Ex. B. Nowhere in any of the agreements is 30% mentioned or even considered "reasonable."

The New Jersey Supreme Court, in *Rendine v. Pantzer*, 141 N.J. 292, (N.J. 1995), provided a guide to calculating reasonable attorneys' fees. First, a Court should determine the lodestar, which is arrived at by multiplying the number of hours reasonably expended by a reasonable hourly rate. Id. at 334-35. The lodestar determination is the "most significant

element in the award of a reasonable fee" and it requires the court to "evaluate carefully and critically the aggregate hours and specific hourly rates advanced by counsel for the prevailing party to support the fee application." *Id.* at 335. The Court may then adjust the lodestar by a contingency enhancement that is generally equal to between five and thirty-five percent of the lodestar fee. *Id.* at 343. Finally, the eight factors listed in New Jersey Rule of Professional Conduct 1.5(a) "must inform the reasonableness of a fee award. . . in every case." *Furst v. Einstein Moomjy, Inc.*, 182 N.J. 1, 22, 860 A.2d 435 (N.J. 2004). Counsel's request for $255,217.73 contains no analysis of a relevant lodestar, no request for a contingency fee enhancement, and no analysis of reasonableness under the New Jersey Rules of Professional Conduct and relevant New Jersey law. Thus, counsel's request for a straight 1/3 contingency fee is **DENIED**.

The Court may well find—after conducting the lodestar and contingency fee enhancement analysis—that reasonable attorneys' fees end up close to the 1/3 contingency fee request. The key, however, is that the determination of reasonableness is made independently from the contingency fee arrangement.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is **GRANTED** as to liability and **GRANTED** in part as to damages.

An appropriate Order shall follow.

_____
WILLIAM J. MARTINI, U.S.D.J.

**Date: March 16, 2023**